E. S. RANDERSON ET AL V. THE DALLAS JOINT LAND BANK OF DALLAS.

No. 7599. Decided February 5, 1941.
(147 S. W., 2d Series, 769.)

92

*Ayres & Ayres*, of Floydada, and *Malone, Lipscomb, White & Seay*, of Dallas, for plaintiffs in error.

It was not error on the part of the trial court in sustaining the general demurrer and the special exceptions to the motion for judgment which pointed out the defects in said motion. Bachus v. Foster, 132 Texas 183, 122 S. W. (2d) 1058; Huff v. Matula, 58 S. W. (2d) 855; Hamilton v. Ward, 4 Texas 356.

*McCombs & Andress*, of Dallas, for defendant in error.

The plaintiff's motion for damages because of the wrongful and fraudulent sale of property under execution sale, including interest on the price of the land until it was resold, and the expenses necessarily incurred to secure the resale, which damages would not have occurred but for the wrongful sales by the sheriff, states a cause of action and was good as against a general demurrer. Branch v. Guinn, 242 S. W. 482; Capitol Hotel Co. v. Rittenberry, 41 S. W. (2d) 697; 33 Tex. Jur. 553.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

By motion filed in one of the district courts of Dallas County, defendant in error, The Dallas Joint Stock Land Bank of Dallas, sought recovery of damages from plaintiff in error Randerson, who was sheriff of Floyd County, and the other plaintiff in error, which was surety on Randerson's official bond. The district court sustained a general demurrer and a num-

ber of special exceptions to the motion and rendered judgment of dismissal after defendant in error had declined to amend. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause, holding that the trial court should have overruled the general demurrer and certain of the special exceptions. 127 S. W. (2d) 593.

Three original suits filed by the Land Bank against A. N. Gamble and others were consolidated in the district court of Dallas County for the 101st judicial district. Judgments of foreclosure were rendered, orders of sale were placed in the hands of Randerson and sales of the property were made on August 7, 1934. On motion of the Land Bank alleging that the sales were made fraudulently and contrary to law, the court, on August 27, 1934, and September 4, 1934, entered orders setting the sales aside and providing that the properties be resold under orders of sale to be directed to any constable of Floyd County. Sales were finally made under such new orders on the first Tuesday in August, 1936.

The Land Bank's motion for judgment was filed in the district court of Dallas County for the 101st judicial district, its caption bearing the numbers and style of the three consolidated original causes and designating the complaint or pleading "motion for judgment against sheriff and sureties." The motion is also endorsed in the same way. It sets forth the judgments and the securing of the orders of sale thereon. It relates the making of the sales alleged to have been fraudulent and wrongful and the setting aside of the sales by the court, and proceeds to detail the expenses incurred after the making of such sales until proper sales were made almost two years later, pointing out that if proper sales had been made under the orders first issued none of such expenses would have been incurred. The damages alleged in the motion as suffered by the Land Bank on account of the first sales include interest on the ultimate sale price from the date of the alleged wrongful sales until the date of the proper sale, traveling expenses and court costs in defeating dilatory tactics taken by the debtor to avoid the making of the sales and the attorney's fees incurred by the Land Bank in securing the resales. The motion contains also a plea for exemplary damages. The prayer of the motion is that the sheriff and his surety "be given five days' notice as provided by statute of a hearing upon this matter" and that upon hearing the Land Bank have judgment for its damages and for other and further legal and equitable relief.

The court endorsed on the motion an order that it be set down for hearing on August 19, 1936, and that the clerk issue

notices as provided by law. The transcript contains a copy of one of the notices issued by the clerk. It is not in the form prescribed by statute for citations in ordinary original suits and it describes the Land Bank's complaint or pleading as a motion for judgment against the sheriff and his surety.

The allegations of the motion, to show that the original sales were fraudulent and unlawful, are as follows:

"On said 7th day of August, 1934, although C. B. Harder, agent for plaintiff, made an appointment with the respondent sheriff and his deputy to sell such property at 11:30 A. M. in Floydada for the purpose of bidding on it for the benefit of plaintiff, to which said sheriff had agreed, the said sheriff by his deputy, G. Scott King, proceeded to hold said sale at eleven o'clock at the side entrance of the Court house in Floyd County, not being the place provided by law for holding such sales, and at such sale, no bidders being present except the principal defendant A. N. Gamble, the said King as deputy sheriff of E. S. Randerson, proceeded to strike off and sell the aforesaid pieces of property to Edith Gamble, wife of the principal defendant A. N. Gamble, for $10.00 per tract. Before a deed had been executed by respondent Randerson as sheriff plaintiff's agent Harder arrived and in writing made a bid for the full value of such property and advised the sheriff that he would have made such bid had he been present, and that the sale was improper but the said Randerson as sheriff, nevertheless, proceeded to execute and deliver a deed to each of said properties to Edith Gamble, wife of the said A. N. Gamble, for $10.00 per tract."

As has been said, the trial court sustained a general demurrer and many special exception to the motion. One of the special exceptions was that the motion was wholly insufficient as a motion under the terms of Article 3819, Revised Civil Statutes of 1925, in that it wholly failed to allege or show, in the making of the sales, a violation of any of the provisions of Title 56 of the statutes, save and except as to the place where the sales were alleged to have been held, and further that the motion alleged and showed that the making of the sales in such place did not in any manner cause or contribute to plaintiff's alleged injury. Another of the special exceptions sustained was in substance that the allegations as to the making of the sales at the side entrance of the courthouse were insufficient because the motion failed to allege facts showing wherein or how the Land Bank was injured by the holding of the sales at that place, other than by conclusion of the pleader.

The Court of Civil Appeals held that "plaintiff's pleading, although labeled a motion and obviously following provisions of the execution statute in question, has all the indicia of, and must be properly denominated an ordinary civil suit"; that the pleading stated a common law action for damages and was sufficient as such when tested by general demurrer; and that in so far as the pleading stated facts and sought relief or remedy beyond the purview of Article 3819, it was subject to appropriate pleas in abatement or to the venue, which plaintiffs in error did not file.

Article 3819 is as follows:

"Any officer who shall sell any property without giving the previous notice herein directed, or who shall sell the same otherwise than in the manner prescribed herein, shall forfeit and pay to the party injured not less than ten nor more than two hundred dollars in addition to such other damages as the party may have sustained, to be recovered on motion, five days notice thereof being given such officer and his sureties."

The article is a part of "Title 56, Execution," which contains many articles prescribing the manner in which executions and orders of sales shall be issued, executed and returned, the notices that shall be given and the manner of making sales. As to the time and place for making sales, it is required by Article 3804 of the Title that sales of real property be made at the courthouse door, on the first Tuesday of the month, between the hours of 10 o'clock A. M. and 4 o'clock P. M. Article 3809 defines the term "courthouse door" as meaning "either of the principal entrances to the house provided by the proper authority for the holding of the district court."

As is apparent from the motion, the gist of defendant in error's complaint is that the sheriff made fraudulent sales of several tracts of land by selling them for nominal considerations at 11 o'clock, after having promised and agreed that the sales would be made at 11:30 o'clock, thus selling the property in the absence of defendant in error's agent, who, had he been present, would have bid the full value. Since, according to the allegations of the motion, the sales were made at 11 o'clock, it does not appear from the motion that, as far as time is concerned, the sales were made otherwise than in the manner prescribed by the statute. There was a violation of the promise or agreement but not a departure from the provisions of the statute.

The allegations as to the place where the sales were made are that the sheriff held the sales "at the side entrance of the courthouse in Floyd County, not being the place provided by law for holding such sales." The special exceptions pointed out that the motion failed, otherwise than by conclusion of the pleader, to allege that the Land Bank was injured by the making of the sales at the side door. That door may have been one of the principal entrances to the courthouse within the definition of "courthouse door" given by Article 3809. To meet these special exceptions, allegations of fact should have been made so that it would appear from the facts averred, rather than from the pleader's conclusion, that the side door was not one of the principal entrances to the courthouse and that the making of the sales at that place caused or contributed to the damages alleged. It appears from the motion that the damages sought to be recovered were the result of the failure of the sheriff to perform the agreement to sell the property at 11:30.

It is our opinion, therefore, that defendant in error's complaint, tested by the general demurrer and the special exceptions above referred to, is insufficient as a motion for recovery of damages under Article 3819. The somewhat strict construction given to the allegations of the motion is justified, and we think proper, because the proceeding authorized by the statute is, as compared to the ordinary suit for damages, special and summary. The article permits the filing of the motion in the cause in which the execution was issued (in this case in the consolidated causes in the district court of Dallas County) and a hearing of the motion after five days' notice; whereas, if defendant in error had instituted an ordinary suit for damages against the sheriff and his surety on account of fraudulent or unlawful sales of the property under the orders of sale, the venue of such suit would have been in Floyd County (Bachus v. Foster, 132 Texas 183, 122 S. W. (2d) 1058) and plaintiffs in error would have been required to answer only at an appearance day of a regular term of court and after service of citation at least ten days before the beginning of the term. It has been held that the proceedings authorized by Articles 3825 and 3826, which are substantially the same as those authorized by Article 3819, are summary and that such statutes should be strictly construed and their requirements strictly followed. Robinson v. Schmidt & Ziegler, 48 Texas 13; J. M. Radford Grocery Co., v. Owenby, 34 S. W. (2d) 385; Huff v. Matula, 58 S. W. (2d) 855.

As has been said, the complaint filed herein was designated by defendant in error, in its caption and by endorsement, a

motion for judgment against sheriff and sureties. The process prayed for was five days notice as provided by the statute. The court by its endorsement directed the issuance of notices and notices rather than citations were issued by the clerk of the court. Thus it clearly appears that the defendant in error, the judge and the clerk of the court treated the complaint as a motion under the statute rather than as a petition in an ordinary suit for damages. Furthermore, we think it apparent from the substance of the motion that defendant in error was attempting to allege grounds for recovery on motion as authorized by Article 3819. Since the proceeding was instituted and intended as a motion under the statute, rather than as an ordinary suit for damages, and the pleading filed appears to be such motion, it was the right of plaintiffs in error, when notified of a hearing on the motion, to invoke by general demurrer and by special exceptions the court's decision of the sufficiency of the allegations as grounds for recovery under the statute.

It follows from our approval of the trial court's decision that the judgment of the Court of Civil Appeals should be reversed and the judgment of the district court affirmed. It is so ordered.

Opinion adopted by the Supreme Court February 5, 1941.