**B & B PHARMACY AND DRUG, INC.,**
**James Roy Booth and Maurine Booth,**

v.

**LAKE AIR NATIONAL BANK OF WACO.**

No. 4836.

Court of Civil Appeals of Texas.

Waco.

Dec. 23, 1969.

Rehearing Denied Jan. 22, 1970.

Harold Clark, Waco, for appellants.

Beard & Kultgen, Thomas L. Cook, Waco, for appellee.

## OPINION

HALL, Justice.

Appellee bank brought this action to recover the balance of a note secured by a deed of trust, after the bank had caused a trustee's sale and bought in the property. The appellants, B & B Pharmacy & Drug, Inc., Roy Booth and Maurine Booth, were co-makers of the note. The deed of trust was executed by B & B Pharmacy and Drug, Inc., owner of the realty. Roy Booth is "president and principal stockholder" of B & B.

B & B filed a cross-action alleging that on the date and occasion of the sale it "was not in default in any manner on the payment of such note or otherwise;" that the sale was "wrongful"; and sought damages for the "wrongful foreclosure.".

The bank filed a motion for summary judgment. The trial court granted the motion, awarded the bank the deficiency balance it sought, and attorney's fees, and decreed that B & B "take nothing" on its cross-action.

On August 7, 1967, the bank and appellants entered into a loan agreement whereby the bank agreed to loan $135,000 to B & B, which was to be repaid in monthly installments of $1,300 beginning in September, 1967. Among other requirements of collateral, the agreement provided for the deed of trust on the corporate realty, and required the Booths to join, individually, as co-makers of the note.

On August 8, 1967, B & B and the Booths made the note contemplated in the loan agreement. Contemporaneously, the corporation executed the deed of trust in question, conveying the realty to George Nokes, who is president of appellee bank, as trustee.

The note provided for acceleration of its maturity, at the option of the holder, in the event of non-compliance with its terms of payment or breach of any agreement contained in the deed of trust. The deed of trust contained a similar acceleration clause, and contained ordinary provisions for foreclosure, and sale of the property by the trustee, "if default shall be made in the payment of said note * * * or in case of the breach of any of the agreements or covenants herein mentioned * * *."

The loan agreement between the parties contains several terms and conditions of the loan which are not mentioned in the note or deed of trust. Other portions of the loan agreement provide:

"7. DEFAULT BY BORROWER. * * * any breach or default by Borrower of or under any term, condition, provision, warranty, or representation made in this loan agreement, * * * shall, at the option of the Bank, make immediately due and payable all sums loaned hereunder.

"8. DURATION OF AGREEMENT. This agreement shall continue as long as any loan * * * or any part thereof * * * remains unpaid. * * * It is understood and agreed that this loan agreement and any and all instruments

342

required by Bank to be executed at this time or subsequently shall constitute the agreement of the parties and this agreement may be enforced as if all the terms and provisions thereof are embodied in any instrument executed as evidence of said debt or as creating liens or security for the payment thereof."

Appellee supported its motion for summary judgment with the affidavit of its president, George Nokes, and attached exhibits. A number of particulars are stated in the affidavit in which the bank contends that appellants breached the terms and conditions of the loan agreement, most of which charge that appellants incurred or defaulted in payment of other financial obligations; and a separate listing in the affidavit sets forth alleged violations of provisions contained in the note and deed of trust. It is then stated that because of these breaches and violations, the bank "accelerated the maturity of the $135,000 note and demanded payment."

Appellants countered the bank's motion for summary judgment with the affidavit of Roy Booth. They do not deny that they breached the provisions of the loan agreement.

It is the position of appellants that the loan agreement "was no part of the deed of trust;" that they were not told that the acceleration was based upon claimed violations of the loan agreement; and, therefore, the trial court's judgment "sustained the trustee's sale based on default as to collateral matters not set out in the deed of trust" and should be set aside. We see no merit in this argument.

The loan agreement, note, and deed of trust, being executed contemporaneously and for the same purpose and in the course of a single transaction, are to be considered as though they are in fact a single instrument. 9 T.J.2d 55, Bills and Notes, Sec. 43; 13 T.J.2d 274, Contracts, Sec. 116. Moreover, as shown above, the parties expressly contracted in the loan agreement that its terms and provisions were to be considered as if they "are embodied" in the note and deed of trust.

The bank was under no duty at anytime to warn or inform appellants that they were about to violate, or were violating, or had violated the terms and conditions of the loan agreement or note or deed of trust. See A. R. Clark Investment Company v. Green (Tex.Sup.Ct., 1964), 375 S.W. 2d 425, 435. The record shows without contradiction that the violations did occur, that the bank accelerated the maturity of the note and demanded payment. It was, therefore, within its rights in causing the trustee's sale.

In the note and deed of trust, appellants agreed to pay, in addition to the regular monthly installment, 1/12th of the annual estimate of taxes and insurance premiums on the property, which sum was to be held in escrow by the bank. In the deed of trust, appellants agreed to keep the property insured against loss by fire and tornado. In his affidavit, Nokes alleges a breach of these covenants. We find no denial in the record of these alleged defaults. In our opinion, the parties were entitled to require that their agreements be "performed as written," 13 T.J.2d 262, Contracts, Sec. 109; and that either of these violations supports the course of action taken by the bank. See Weierhauser v. Bennett (Tex.Civ.App., 1929, no writ hist.), 19 S.W.2d 572, 573.

Appellants present two points in which they contend the judgment is improper because a fact question exists as to whether they were in default on the installments on the occasion of the trustee's sale. Assuming without deciding that this fact issue is in the record, it nevertheless is immaterial if, as we have held, the bank's right of acceleration and foreclosure sale arose out of some breach other than the failure to make installment payments when due. A. R. Clark Investment Company v. Green (Tex.Sup.Ct., 1964), 375 S. W.2d 425, 434.

343

Appellants say the summary judgment cannot stand because it is "based on facts raised solely by affidavit of appellee's president, an interested witness."

 The general rule is that the testimony of an interested witness, even if uncontradicted, does no more than raise a question of fact. James T. Taylor, Etc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371, 376 (1960). However, "there is an exception to this rule which is that when the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, then it is taken as true as a matter of law." Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908 (1943). The exception has especial application when the opposite party has the means and opportunity of contradicting or disproving the testimony, if it is untrue, and fails to do so. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co. (Tex.Sup.Ct., 1965), 391 S.W.2d 41, 47. Our review of the record convinces us that this exception is applicable in this case.

The note provides that if it is placed with an attorney for collection, then "reasonable attorney's fees" will be paid by the borrower. The deed of trust provides that, in such an event, "ten per cent additional on full amount (of the indebtedness) shall be added as attorney's fees."

The judgment, which recites that it is based upon the pleadings and affidavits of the parties, awards the bank a recovery of $41,874.67, and "attorney's fees in the amount of $4,187.47."

Appellants assert, in their final point, that the trial court erred in rendering judgment against them for attorney's fees. We sustain this point.

In its petition, the bank alleged the provision in the note for attorney's fees; and it expressly pleaded for recovery of "reasonable attorney's fees." No reference was made in the petition to the provision in the deed of trust for ten per cent attorney's fees.

There is no evidence in the record that ten per cent of the balance owing on the note, or that any other amount, is a reasonable attorney's fee in this case. There is no pleading by the bank to support a recovery by it of attorney's fees based upon the provision in the deed of trust.

The judgment is reformed so as to delete therefrom the award of attorney's fees to the bank. As so reformed, the judgment is affirmed.

Reformed and affirmed.