Elton **BRIMBERRY**, Appellant,

v.

**FIRST STATE BANK OF AVINGER**,
Appellee.

No. 8186.

Court of Civil Appeals of Texas,
Texarkana.

Sept. 18, 1973.

Rehearing Denied Oct. 16, 1973.

Stephen Oden, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Buck Florence, Florence & Florence, Hughes Springs, for appellee.

RAY, Justice.

This is an appeal from a judgment setting aside a sheriff's sale. First State Bank of Avinger, appellee, obtained a judgment of foreclosure against Avinger Development Company and Michael D. McKaughn; thereafter, a sheriff's sale was held to dispose of certain properties in Cass County in an attempt to satisfy the judgment creditor. Elton Brimberry, appellant, bought the 26.49-acre tract of land, together with the improvements thereon, at the sale for the sum of $5,000.00. All prerequisites to the holding of the sale were had and the sale began at 10:00 o'clock A.M., on Tuesday, September 7, 1971. At 10:05 A.M. on the same day, the sheriff called appellee's attorney and notified him that the property had been sold. Appellee's attorney promptly left his office in Hughes Springs and drove to Linden, the county seat of Cass County, to protest the fact that the sheriff's sale was conducted in his absence.

Evidence was introduced at the hearing on the motion to vacate the sheriff's sale, indicating that the reasonable cash market value of the premises sold at the judicial sale ranged between $19,200.00 and $40,000.00. The trial court, sitting without a jury, set aside the sheriff's sale of September 7, 1971, on the apparent basis that the sales price was grossly inadequate.

Appellate Brimberry states that the trial court erred in setting aside the sheriff's sale and submits three points of error for our consideration. Appellant states that the court erred because there was no evidence of an irregularity in the sale; that appellee failed to show any irregularity in the sale which was calculated to affect the sales price; and there was no evidence to support a finding of fraud.

The irregularities complained of by appellee are that the sheriff did not call out the bid of Elton Brimberry three times, and the absence of appellee's attorney at the sale. There is no requirement in the Texas law which requires the sheriff to call out the bid three times, nor that the attorney for the judgment creditor be present at the sale. There is no evidence that an agreement existed between the sheriff and appellee's attorney that the sale would be delayed until appellee's attorney was present for the taking of the bids. Absence of the judgment creditor's attorney is not an irregularity. Randerson v. Dallas Joint Stock Land Bank of Dallas, 136 Tex. 91, 147 S.W.2d 769 (1941); Willard v. Whitaker, 153 S.W.2d 878 (Tex. Civ.App., Amarillo 1941, err. ref'd, w. o. m.). In order to set aside a sheriff sale two things must occur:

1. There must be an irregularity calculated to affect the sale; and,

2. The irregularity must be coupled with a grossly inadequate purchase price.

See Rio Delta Land Company v. Johnson, 475 S.W.2d 346 (Tex.Civ.App., Corpus Christi 1971, ref'd, n. r. e.) and Jackson v. O'Connor, 96 S.W.2d 803 (Tex.Civ.App., El Paso 1936, no writ).

There is no evidence in the record to substantiate an irregularity calculated to affect the sheriff's sale in this case since the law does not require that the bid be called out by the sheriff three times, and the law does not require that the judgment creditor's attorney be present when the sheriff offers the property for sale.

■■ The trial court, in filing its findings of fact, found that the fair market value of the land and improvements was the sum of $75,000.00. There is no evidence to substantiate such a finding, because the evidence does not show that the property was worth more than $40,000.00. While the purchase price may have been inadequate, we are not prepared to say as a matter of law that the sales price was grossly inadequate. In any event, since we have concluded that no irregularity occurred in the sale of the property by the sheriff, it becomes immaterial what the sales price was, since inadequacy of price alone will not of itself justify the vacation of a judicial sale. Holt v. Holt, 59 S.W.2d 324 (Tex.Civ.App., Texarkana 1933, writ ref'd). Appellant's points of error 1 and 2 are sustained.

■ There is no evidence in the record that the sale was fraudulent in law or in fact. Rules 646a and 647 of the Texas Rules of Civil Procedure prescribe the method by which judicial sales are to be conducted. The record shows that every step required by law was followed by the sheriff. There is no suggestion of collusion or conspiracy between appellant Brimberry and the sheriff to perpetrate any fraud upon the judgment creditor. While there were no other bidders who sought to purchase the property at the sheriff's sale, there were other bystanders who witnessed the sale. The judgment debtor and his attorney were present. There is no evidence in the record that appellant Brimberry had agreed with appellee bank that the bank would purchase the property at the sale for the sum of $20,000.00 and thereafter convey the property to Brimberry. There is no suggestion, however, that the sheriff in any manner knew of such agreement, or that the sheriff had any agreement with appellee bank or its attorney that the attorney or a representative of the bank wanted to be present at the sale. Since the sheriff did not participate in any fraud or any irregularity, the sale cannot be set aside on the suggestion that the property might have sold for more than $5,000.00 had appellee's attorney been present at the sale. Appellant's third point of error is sustained. The judgment of the trial court is reversed and rendered.