Joe D. BENNETT, Jr. et ux, Appellants,

v.

STATE NATIONAL BANK, ODESSA, TEXAS, Appellee.

No. 17858.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 20, 1981.

Rehearing Denied Sept. 24, 1981.

Michael T. Brimble, Houston (on appeal only), for appellants.

Lorance & Thompson, David Clark, Larry D. Thompson, Houston, for appellee.

Before EVANS, DOYLE and WARREN.

DOYLE, Justice.

This is an appeal from a summary judgment in favor of State National Bank, Odessa, Texas, and against Air Care, Inc., and Joe D. Bennett, Jr. and wife, Vivian C. Bennett, individually.

The facts are not complicated. The bank sued Air Care, Inc., (Air Care) as maker, and Joe D. Bennett, Jr. and wife, on a promissory note and for foreclosure of a lien on land described in the deed of trust which secured the note. Air Care, which was solely owned by the Bennetts, signed the note. The appellants also signed the deed of trust. Both instruments were dated April, 19, 1976. The note was for $65,-000.00 and on the face of the note certain items were listed as collateral. The deed of trust recited that it was given to secure payment of the above note. The court initially granted partial summary judgment as to Air Care only. By an order dated April 23, 1980, the court, upon appellee's motion for rehearing, granted a partial summary judgment as to all issues except attorney's fees. The court granted appellee reasonable attorney's fees in its final judgment. Air Care did not appeal.

Appellants assert three points of error contending that they were not personally liable on the note because of their affirmative defense that the land in the deed of trust was their homestead and thus not subject to foreclosure. They also argue that summary judgment was improper since there was a fact question as to whether the bank must first look to the personal property listed on the note. They also complain that the court erred in awarding attorney's fees since there was no evidence of a hearing and there was also no evidence on the reasonableness of attorney's fees.

Although the law is well settled, we shall discuss briefly appellants' point of error contending that the security mentioned in the note must be first exhausted in satisfaction of the debt before a resort can be made to the land mentioned in the deed of trust. The record shows that the promissory note and deed of trust were executed on the same day. Although the note listed certain items as collateral (not including the land in the deed of trust), it is uncontroverted that the deed of trust stated that it was given to secure payment of the note in question. The appellants by their admissions stated that deed of trust attached to appellee's original petition was a true and correct copy of deed of trust executed on April 19, 1976.

No legal authority has been offered which holds that when two instruments are given as security for the same purpose, the debtor must first exhaust the security listed in one document before he can reach the security in the other. Legally, a secured party is not required to make an election with respect to his remedies against a defaulting debtor but, rather, may take any permitted action or combination of actions. *Hubbard v. Lagow*, 576 S.W.2d 163, (Tex.Civ.App.—Austin 1979, writ ref'd n. r. e.); V.T.C.A., Bus. & C. § 9.501(a). Further, when a note and deed of trust are executed contemporaneously for the same purpose in the course of a single transaction, they are to be considered as though they are in fact a single instrument. *B & B Pharmacy and Drugs, Inc. v. Lake Air National Bank of Waco*, 449 S.W.2d 340, 342 (Tex.Civ.App.—Waco 1969, writ dism'd). There is no merit to appellants' argument under their first point of error.

The question of whether appellants properly raised the affirmative defense of homestead can only be determined from a careful examination of the pleadings and affidavits submitted in support thereof. We hold that the defense was not properly raised.

On May 7, 1979, the trial court first heard appellee's motion for summary judgment and granted it as to Air Care, but not as to appellants. Thereafter, on November 5, 1979, the appellee filed a motion for rehearing on the same motion for summary judgment that had been submitted to the court on May 7th. Appellants then filed their first original amended answer, raising for the first time their homestead claim, to which pleading the affidavits of Mr. and Mrs. Bennett were attached. The trial court did not rule on appellee's motion for rehearing until April 23, 1980. Thereafter, in response to a motion for final judgment, the trial court entered such judgment and a foreclosure order in favor of appellee on July 14, 1980.

Appellee concedes that if the affirmative defense of homestead were properly pled or set forth in an affidavit meeting the requirements of summary judgment proof, a fact issue would be raised. However, appellee asserts that appellants failed to show a homestead fact issue as an affirmative defense by "written motion, answer or other response" in answer to the motion for summary judgment. Appellee further points out that the only pleading to raise the issue of homestead was appellants' first amended original answer and that a pleading is not an appropriate answer to a motion for summary judgment, citing *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979) and *Seisdata, Inc. v. Compagnie Generale de Geophysique*, 598 S.W.2d 690 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

The non-moving parties in a summary judgment proceeding are not entitled to raise any issue on appeal that was not first raised in the trial court by a written specific response or answer to the motion for summary judgment. This response must be other than an answer generally filed in response to the plaintiff's petition. *City of Houston v. Clear Creek Basin Authority*, supra; *Feller v. Southwestern Bell Telephone Company*, 581 S.W.2d 775 (Tex. Civ.App.—Houston [14th Dist.] 1979, no writ); *Woolridge v. Groos National Bank*, 603 S.W.2d 335 (Tex.Civ.App.—Waco 1980, no writ). In the case at bar, after the trial court denied the appellee's motion for summary judgment as to the Bennetts, the movant was entitled to move the trial court to reconsider its decision, and upon such motion or its own motion, the trial court was authorized to rescind its prior order and grant the motion for summary judgment. Although the appellants' answer was a filed pleading in the case on the date the trial decided to grant the summary judgment, the answer was filed only in response to the appellee's petition, and it did not raise any issues in response to the motion for summary judgment. The appellants do not complain on this appeal that they were not given advance notice of the rehearing nor that they were denied adequate time to file a response to the motion for summary judgment. Further, it has

been held that lack of advance notice of such a rehearing date does not necessarily invalidate the trial court's judgment. *Lofthus v. State*, 572 S.W.2d 799 (Tex.Civ.App.—Amarillo 1978, writ ref'd n. r. e.).

■ It is a firmly established principle of law that a plea of homestead is an affirmative defense and the burden of pleading and proving such defense rests upon the party asserting it. *Geiser v. Lawson*, 584 S.W.2d 347, 349 (Tex.Civ.App.—Eastland 1979, no writ).

The homestead issue, even if considered to have been raised in the trial court, was an affirmative defense which the appellants were required to support by affidavit or other summary judgment proof.

The affidavits relied upon by the appellants contain only the following statements with respect to the homestead issue.

> We now occupy the property sought to be foreclosed on by Plaintiff as our homestead and reside there having no other interest in real property or a home in the State of Texas or in any other jurisdiction.

■ In order to constitute proper summary judgment proof, an affidavit must state facts regarding the issue at hand and in such a way that the testimony, if given on the witness stand in a conventional trial, would be admissible and competent proof. The appellants' statement that they "now" occupy the property as their homestead relates to the date the statement was made and it would not support an inference that the property constituted their homestead at the time of the execution of the note and the deed of trust. Although defects in the form of an affidavit is not ground for reversal unless specifically pointed out by objection by the opposing party, the affidavit must itself set forth factual statements which are sufficient to raise a fact issue relevant to the subject matter of the dispute.

*Abilene White Truck Company v. Petrey*, 384 S.W.2d 211 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n. r. e.) is a case very similar to the one now before us. In *Pe-trey*, the husband and wife signed a note and deed of trust in 1960 on certain realty to secure the payment for some machinery. Default occurred on the note resulting in a judgment and foreclosure order on January 2, 1962. After a fire loss on the property on January 22nd, the judgment creditor filed a garnishment petition against the insurance company. Both parties filed motions for summary judgments, the Petreys claiming that the property was their homestead on January 22nd, the date of the fire. In reversing the trial court and rendering judgment for the truck company, the court overruled the Petrey's counterpoint claiming the property was their homestead on the date of the fire, pointing out that ". . . the character of status of the property on the date of the Deed of Trust was executed controls."

■ Appellants' final contention is that the court erred in awarding attorney's fees to appellee, averring that there was no summary judgment evidence to prove the reasonableness of such fees. The record shows that the attorney's fees issue was resolved after the summary judgment hearing. The final judgment recites that the court received evidence on the issue. In the absence of assigned error or a request for findings of fact and conclusions of law, we are required to presume that the court found such facts as were necessary to support the judgment. Rule 296, T.R.C.P.; *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363 (1945).

The judgment of the trial court is affirmed.