Brayton v. Midlothian 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-129-CV

     RUBY NUTTING BRAYTON,
                                                                                              Appellant
     v.

     FIRST NATIONAL BANK IN MIDLOTHIAN,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 46,274
                                                                                                    

O P I N I O N
                                                                                                    

      Ruby Brayton executed a Deed of Trust note ("note") on October 17, 1985, promising to pay
First National Bank of Midlothian ("Bank") the principal sum of $108,500, plus interest at thirteen
percent per annum. Payment was to be in annual installments of $22,610.32, due each October
17. The note was secured by a Second Lien Deed of Trust ("deed of trust"). The note contained
language typically found in monthly installment notes giving the debtor a grace period until the
next monthly installment is due to cure a default. The effect of this language in Brayton's annual
note would give her a one-year grace period. The bank contends the language was included
erroneously in the annual note and that neither party intended a one-year grace period. The deed
of trust did not contain this provision; rather, it allowed the debt to be accelerated upon default.
      Brayton failed to make the installment payment due October 17, 1989. The Bank made
written demand on her by letter dated March 6, 1990, demanding payment of the unpaid principal
balance of $79,643.82, plus accrued interest of $28.37 per day. The Bank made the same demand
by certified letter on September 16, 1991, after Brayton had missed a second annual payment. 
      The court made findings of fact that: the deed of trust contained language giving the Bank the
option to accelerate the entire debt upon default; Brayton failed to make annual October 17
payments in 1989, 1990, and 1991; she received a demand letter from the Bank dated March 6,
1990, giving notice that the Bank intended to accelerate the debt because of the missed payment
of October 17, 1989; on receipt of the demand letter, Brayton notified the Bank that the note was
being "improperly accelerated"; the Bank notified her by letter of April 11, 1990, that the note
had been accelerated; the Bank filed suit June 14, 1990, asking for the unpaid principal, interest,
and attorney's fees; the Bank admitted in requests for admissions that by the literal terms of the
note it could not accelerate the note until October 16, 1990; the Bank sent Brayton another letter
on September 16, 1991, demanding payment for October 17, 1989; the Bank filed a trial
amendment seeking payment for annual installments for 1989, 1990, and 1991, together with
interest of thirteen percent per annum; and the court awarded judgment for the three annual
installments of 1989, 1990, and 1991, with interest.
      The court made conclusions of law that: the note and deed of trust are one transaction to be
construed together; the Bank accelerated the note on April 11, 1990; even if the Bank wrongfully
accelerated on the note on April 11, pursuant to its acceleration provision, the Bank could have
accelerated the note under the deed of trust acceleration provision; the Bank did not contract for,
charge, or demand a usurious amount; the Bank did not breach any contractual terms; the Bank
is granted judgment for the annual October 17 note payments for 1989, 1990, and 1991, of
$22,610.32 each, plus contractual interest; and the Bank is granted judgment for $6,783 in
attorney's fees. The case is before us on an agreed statement of facts.
      In point one, Brayton complains that the court erred in ruling that the Bank did not breach the
contract. She argues that the Bank breached the terms of the note by demanding and wrongfully
accelerating the note. In point two, Brayton complains that the court erred in ruling that the Bank
could properly accelerate the note under the deed of trust. The points are interrelated—if the note
was properly accelerated under the deed of trust, both points fail. Brayton attacks the legal and
factual sufficiency of the evidence in each point. 
      Brayton references the following findings of fact and conclusions of law in point one:
Findings of Fact
3. [Brayton] made annual installment payments of principal and interest due on the Note on
October 17, 1986, October 17, 1987, and October 17, 1988.
 
4. [Brayton] failed to make the annual installment payments due on the Note on October 17,
1989, October 17, 1990, and October 17, 1991.
 
5. [Brayton] received a demand letter from Bank's counsel dated March 6, 1990, which gave
[Brayton] notice of Bank's intention to accelerate the balance of the debt, because [Brayton]
had not paid the October 17, 1989 annual installment.
 
6. [Brayton], after receiving from Bank's counsel the demand letter and notice of intent to
accelerate the balance of the debt, notified Bank's counsel by certified letter dated April 24,
1990, that ". . . the note was being improperly accelerated" and asked Bank's counsel that it
be verified.
 
12. Bank admitted in [Brayton]'s Request for Admissions filed with the Court, that Bank
could not have accelerated the Note until October 16, 1991, according to the literal terms of
the Note, independent of all other terms and conditions of the transaction.

Conclusions of Law
 
7. Bank did not breach any contractual terms with borrower.
In point two, Brayton complains of findings of fact 3, 4, and 12 as set forth above. She also
references finding 13:
13. Bank on September 16, 1991, by Certified Return Receipt Requested Mail, again
demanded of [Brayton] the annual installment payment for October 17, 1989, and stated that
the Bank would accelerate the entire Note and continue with their suit for Judgment thereon,
if full payment was not received by September 26, 1991.

She complains of the following conclusion of law:
 
4. Even if Bank wrongfully accelerated the Note on April 11, 1990, pursuant to the
acceleration provision in the Note, the Bank could have accelerated [the] Note under [the]
Deed of Trust acceleration provision.
      The note and the deed of trust were executed together on October 17, 1985, and each
document references the other. When a note and deed of trust are executed contemporaneously
for the same purpose in the course of a single transaction, they are to be considered as though they
are in fact a single instrument. Bennett v. State Nat'l Bank, 623 S.W.2d 719, 721 (Tex. Civ.
App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); B & B Pharmacy & Drug, Inc. v. Lake Air
Nat'l Bank of Waco, 449 S.W.2d 340, 342 (Tex. Civ. App.—Waco 1969, writ dism'd). Thus,
the court properly made Conclusion of Law No. 1: "October 17, 1985, Deed of Trust Note and
Deed of Trust are one transaction to be construed together."
      The documents' default and acceleration clauses conflict—the note implying a one-year grace
period and the deed of trust allowing acceleration of the debt upon default. Mortgages are
contracts and are governed by the same rules of interpretation. Sonny Arnold, Inc. v. Sentry
Savings Ass'n, 633 S.W.2d 811, 815 (Tex. 1982). Whether a contract is ambiguous is a question
of law for the court to decide by looking at the contract as a whole in light of the circumstances
existing at the time the contract was made. Reilly v. Rangers Management, Inc., 727 S.W.2d 527,
529 (Tex. 1987). A contract is ambiguous when its meaning is uncertain and doubtful or it is
reasonably susceptible to more than one meaning. Skelly Oil Co. v. Archer, 163 Tex. 336, 356
S.W.2d 774, 778 (1962). When the provisions of a contract appear to conflict, they should be
harmonized if possible to reflect the intentions of the parties. Ogden v. Dickenson State Bank, 662
S.W.2d 330, 332 (Tex. 1983). 
      If language in a contract is susceptible to different meanings, the court will consider
circumstances existing when the contract was executed and will generally follow the interpretation
of the parties in ascertaining the true intentions of the parties. Harrision v. City of San Antonio,
695 S.W.2d 271, 276 (Tex. App.—San Antonio 1985, no writ). Great, if not controlling, weight
should be given by the court to the interpretation placed upon a contract of uncertain meaning by
the parties themselves. Harris v. Rowe, 593 S.W.2d 303, 306 (Tex. 1979). The court may
rightfully assume that the parties to a contract are in the best position to know what was intended
by language employed in the contract. Id. The agreed statement of facts states that the Bank
"testified" that neither the Bank nor Brayton intended for there to be a one-year grace period for
delinquent payments. In construing the note and the deed of trust as one, the court could
determine that the one-year grace period was not the intent of the parties. 
      Construing the two documents as one, the court did not err in ruling that the Bank could
properly accelerate the note under the deed of trust. We overrule point two. Having determined
that the Bank properly accelerated the note, the court did not err in ruling that the Bank did not
breach its contract with Brayton. We overrule point one.
      In point three, Brayton complains that the court erred in ruling that the Bank did not contract
for, demand, charge, or commit usury. She argues that the acceleration clause in the note is
usurious on its face because it provides for payment of unearned interest and that the Bank
committed usury by wrongfully accelerating the note. Because we have determined above that the
court did not err in failing to find wrongful acceleration, we only address Brayton's contention that
the note is usurious on its face.
      Brayton cites Clements v. Williams, 136 Tex. 91, 147 S.W.2d 769 (1941), for the proposition
that, when a note-maturity clause provides that the holder may at his election mature the note, the
note is at once due and payable and is usurious from inception. However, a maturity clause in a
note which merely provides for the maturity of the debt is not usurious on its face. Id. The note
contains the following acceleration provision:
If default be made in the payment of any installment under this Note, and if the default is not
made good prior to the date of the next installment, at the option of the holder, this Note shall
become immediately due and payable without notice and the lien given to secure its payment
may be foreclosed . . . . 

(Emphasis added). Brayton contends that the acceleration provision in the note is usurious on its
face under the reasoning in Clements. See id.
      "The question of usury must be determined by a construction of all documents constituting
the transaction, interpreted as a whole, and in light of the attending circumstances." Martinez v.
Teachers Credit Union, 758 S.W.2d 946, 949-50 (Tex. App.—Corpus Christi 1988, writ denied). 
As stated previously, the note and deed of trust are one transaction to be construed together. 
Bennett, 623 S.W.2d at 721; B & B Pharmacy & Drugs, Inc., 449 S.W.2d at 342. The
acceleration clause in the deed of trust states:
. . . but should the said parties of the first part make default in the punctual payment of said
indebtedness, or any part thereof, principal or interest, as the same shall become due and
payable . . . the whole amount of said indebtedness remaining shall, at the option of the
holder of said indebtedness, immediately mature and become payable . . . .

(Emphasis added). There is a presumption that the parties intended a non-usurious contract. 
Martinez, 758 S.W.2d at 950. When the contract construed as a whole is doubtful or susceptible
to more than one reasonable construction, the court will adopt the construction which comports
with legality. Id; Smart v. Tower Land & Inv. Co., 597 S.W.2d 333, 340-41 (Tex. 1980).
      We liken the present situation to that found in Belzung v. Capital Bank, 598 S.W.2d 14 (Tex.
Civ. App.—Dallas 1980, writ ref'd n.r.e.), where the plaintiff complained of acceleration
language in two separate notes. Each note contained two acceleration clauses, one clause
providing "the whole of this note [is] due and payable" upon default and the other clause providing
"the indebtedness secured hereby" becomes due and payable. Id. at 15. The court reasoned that
the wording in the first clause, standing alone, "would incline us to declare the notes usurious,"
citing Clements ("mature paid note" indicates all installments due including unearned interest). 
Id. However, the wording of the second clause, standing alone, "would incline us to declare the
notes not usurious." Id. (maturity of debt indicates unearned interest not collectible).
      We interpret the note and deed of trust as one transaction. Assuming without deciding that
the language of the note alone made it usurious, it is not usurious when read together with the
language in the deed of trust. We must adopt the construction which renders the notes legal. See
id. at 16. The court did not err in ruling that the Bank did not contract for, demand, charge, or
commit usury. We overrule point three.
      In a counterpoint, the Bank complains that the court erred in not granting judgment for the
full amount due under the note because the note was clearly in default, properly accelerated, and
matured at the time of trial. The court granted judgment for the annual installments due for 1989,
1990, and 1991, plus contractual interest. The Bank argues that the acceleration provision in the
deed of trust allows the remaining indebtedness at the time of default to become immediately
mature and payable.
      The Bank filed suit for $79,643.82 in principal, plus interest of thirteen percent per annum
since October 17, 1988, and attorney's fees. The deed of trust provided that upon default, the
indebtedness became immediately due and payable. The agreed statement of facts reflects that the
Bank proved up at trial a principal balance of $79,643.82 with simple interest to date of trial of
$32,876.52, plus contractual attorney's fees of $11,252.03. The court made a conclusion of law
that the Bank accelerated the note on April 11, 1990, and that if acceleration were wrongful under
the note, the Bank could have accelerated under the deed of trust. The court granted judgment for
three installments of $22,610.32 each, accrued interest, attorney's fees in the amount of $6,783,
and post-judgment interest on the total amount of the judgment from the date of signing thereof
to the date of payment at the rate of 10% per annum.
      Having found the note was properly accelerated, the court should have granted judgment for
the full amount due under the note. We sustain the Bank's counterpoint and reform the judgment
so that the Bank recovers the $79,643.82 in principal, interest at thirteen percent per annum from
October 17, 1988, to June 2, 1993, of $47,689.15, plus attorney's fees of $12,733.30. Post-judgment interest shall accrue from June 2, 1993, until paid at the rate of ten percent per annum
on $127,332.97.
      We reform the judgment and affirm the judgment as reformed.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed as reformed
Opinion delivered and filed June 16, 1993
Do not publish