

**IN THE**
**TENTH COURT OF APPEALS**

### No. 10-12-00427-CV

**JAY S. COOPER,**

                                                                          **Appellant**

 **v.**

**HAMILTON COUNTY, HAMILTON**
**INDEPENDENT SCHOOL DISTRICT,**
**CITY OF HAMILTON, HAMILTON**
**HOSPITAL DISTRICT AND HAMILTON**
**COUNTY APPRAISAL DISTRICT,**

                                                                          **Appellees**

**From the 220th District Court**
**Hamilton County, Texas**
**Trial Court No. CV04910**

### MEMORANDUM OPINION

In 2010, Jay S. Cooper brought suit against Hamilton County, Hamilton Independent School District, City of Hamilton, Hamilton Hospital District, and Hamilton Appraisal District (collectively referred to as Hamilton) to void a tax lien and foreclosure judgment rendered by the 220th District Court in Hamilton County, Texas in 2005 against property located in Hamilton County (the Property), set aside the 2009

tax foreclosure sale and declare it void, and cancel the Sheriff's deed of the Property. After a bench trial on the merits, the trial court determined that the tax judgment was not void, the foreclosure sale was valid, and the Sheriff's tax deed was valid. Cooper appealed, raising eight issues as to why the trial court erred in its determination. Because the judgment was not void, and the sale and deed were valid, the trial court's judgment is affirmed.

### BACKGROUND[1]

In 1998, Cooper's grandmother, Jerolene Hubbard, under duress from Cooper, executed the Jerolene Hubbard Irrevocable Trust and named Cooper the trustee. There were several pieces of property conveyed to Cooper as the trustee. The Property was also conveyed at about the same time to Cooper.[2] The next year, Hubbard petitioned a Dallas County district court, in cause number DV99-07903, for a temporary injunction enjoining Cooper from, among other things, selling or collecting rents on any of the trust property, specifically including the Property at issue in this suit. A temporary injunction was granted, and William Cochran was appointed as a receiver/temporary trustee. This Dallas County suit was eventually resolved but we do not have a copy of that judgment in the record.[3]

---

[1] A majority of this background information is taken from documents introduced into evidence by Cooper in the underlying trial court proceeding to this appeal.

[2] It is not clear from the record if the Property was included in the trust corpus.

[3] Because we do not have a copy of the 192nd District Court's judgment in cause number DV99-07903, we do not know how the ownership of the Property was resolved in that suit. This raises some question

Starting for the year 2000, Cooper never attempted to pay the taxes on the Property. In 2003, Hamilton sought a tax judgment and foreclosure as to the Property and Cooper was named as a defendant. After a default judgment was issued in favor of Hamilton, Hamilton realized it had not joined Hubbard or Cochran in the tax suit and moved the trial court to vacate the judgment. The motion was granted. In 2005, Hamilton again sought a tax judgment and foreclosure as to the Property. Cooper and a representative of Hubbard appeared, but Cochran failed to appear. Judgment was rendered for Hamilton.

Also in 2005, Cooper filed a lawsuit in Dallas County, cause number 05-11916, against Cochran and other parties. The Dallas County trial court issued a temporary injunction in 2007, preventing Hamilton from selling the Property until a final order was issued on the trial on the merits of Cooper's claims. The next month, a final judgment against Cooper was rendered in Dallas County. Hamilton then sold the Property in 2009 at a tax sale. The Hamilton Hospital District purchased the Property for the amount of the taxes due.

## COLLATERAL ATTACK-VOID JUDGMENTS

Cooper previously appealed both the 2003 judgment, which was dismissed after the trial court vacated the judgment, and the 2005 judgment, which was affirmed. *Cooper v. Hamilton County*, No. 10-05-00315-CV, 2006 Tex. App. LEXIS 9377 (Tex. App.—

about Cooper's standing to assert any interest in the Property. We would normally resolve Cooper's standing but because of our discussion and disposition of the other issues, we find it unnecessary to delay the disposition of this proceeding at this juncture.

Waco Oct. 18, 2006, no pet.) (mem. op.); *Cooper v. Hamilton County*, No. 10-03-00283-CV, 2003 Tex. App. LEXIS 10913 (Tex. App.—Waco Dec. 31, 2003, no pet.) (mem. op.). He now attempts to collaterally attack the 2005 judgment, 2009 tax sale, and Sheriff's deed as void.

A litigant may attack a void judgment directly or collaterally, but a voidable judgment may only be attacked directly. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012); *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009); *Ramsey v. Ramsey*, 19 S.W.3d 548, 552 (Tex. App.—Austin 2000, no pet.). A void judgment, on the other hand, can be collaterally attacked at any time. *Id.* at 272. After the time to bring a direct attack has expired, a litigant may only attack a judgment collaterally. *PNS Stores, Inc.*, 379 S.W.3d at 272.

The distinction between void and voidable judgments is critical when the time for a direct attack has expired. *Id.* If a party challenges a judgment as void, the first inquiry should necessarily be whether the alleged defect renders the judgment void or merely voidable. *Id.* fn. 8. A judgment is void when "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010) (quoting *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). When attacked collaterally, a judgment is presumed valid. *PNS Stores, Inc.*, 379 S.W.3d at 273; *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20

(Tex. 1994). All errors other than jurisdictional deficiencies render the judgment merely voidable, and such errors must be corrected on direct attack. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). If the challenged judgment is only voidable, as opposed to void, the collateral attack fails. *See Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009); *Gainous v. Gainous*, 219 S.W.3d 97, 105 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A party making a collateral attack on a judgment has the burden of showing from the four corners of the judgment that the court did not have jurisdiction to issue the order. *See Foreness v. Hexamer*, 971 S.W.2d 525, 531-532 (Tex. App.—Dallas 1997, pet. denied).

*Voidable vs. Void*

Because Cooper has already directly attacked the 2005 judgment, our first inquiry is whether the defects alleged by Cooper in this appeal render that judgment void or merely voidable. Although Cooper represented himself at trial and is representing himself on appeal, he is not new to the process and should know that he has the burden to show the judgment is void. We find that several of Cooper's alleged defects in the judgment are easily disposed as impermissible collateral attacks because Cooper does not show how the alleged defects render the 2005 judgment void. We will discuss those issues first.

In his third, sixth, and eighth issues, Cooper contends the trial court's 2005 judgment was in error because the Property was unconstitutionally taken from him, the

Hospital District's use and damage to the Property was actionable as a trespass and an unlawful taking, and the State was liable to Cooper for damages to the Property. Cooper fails to discuss or explain how any of these alleged actions divested the trial court rendering the 2005 judgment of jurisdiction of the parties or property, jurisdiction of the subject matter, jurisdiction to enter the particular judgment, or its capacity to act. Because of this failure, the 2005 judgment is presumed valid and Cooper's collateral attack on these grounds fails. *See PNS Stores, Inc.*, 379 S.W.3d at 273; *see also Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009); *Gainous v. Gainous*, 219 S.W.3d 97, 105 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). His third, sixth, and eighth issues are overruled.

Cooper complains in his seventh issue that certain statutes are unconstitutional as written and as applied to him.[4] This type of complaint as to a prior final judgment has been held to be an impermissible collateral attack. *See Chambers v. State*, 261 S.W.3d 755, 759 (Tex. App.—Dallas 2008, pet. denied); *Chambers v. Perry*, No. 05-09-00407-CV, 2010 Tex. App. LEXIS 2054, *6 (Tex. App.—Dallas Mar. 24, 2010, pet. dism'd w.o.j.) (memo. op.). We agree. Further, by failing to specifically identify the statutes, Cooper has inadequately briefed this issue. *See* TEX. R. APP. P. 38.1(i). Cooper's seventh issue is overruled.

We now move to the issues which are not so clearly disposed as impermissible.

---

[4] It is unclear in Cooper's brief which statutes he contends are unconstitutional.

In his first issue, Cooper argues that the 2005 judgment is void because it violates the one judgment rule. *See* TEX. R. CIV. P. 301. Cooper asserts that a previous default judgment regarding the same Property was rendered in 2003. He also asserts that although Hamilton moved to vacate the 2003 judgment because two parties had not been joined in the first suit, the trial court had no authority to grant the motion and vacate the judgment after the court's plenary power expired. Thus, his argument continues, the 2003 judgment remains in place and the 2005 judgment is void.

This issue is inadequately briefed. Cooper cites no authority specifically in support of his position. TEX. R. APP. P. 38.1(i). Furthermore, there is case law to the contrary of his position. Under Section 33.56 of the Texas Tax Code, when the trial court vacates a judgment for delinquent taxes, the delinquent tax suit is revived and the taxes, penalties, interest, and attorney's fees and costs, and the liens securing them, are reinstated. TEX. TAX CODE ANN. § 33.56(f)(3), (4) (West 2008). Section 33.56 places no time limits on seeking an order vacating the tax judgment. *Estate of Springer v. Dallas County*, 2010 Tex. App. LEXIS 3592 (Tex. App.—Dallas May 12, 2010, no pet.) (publish); *Barua v. County of Dallas*, 100 S.W.3d 629, 635 (Tex. App.—Texarkana 2003, pet. denied). Thus, the trial court had the authority to grant Hamilton's motion and vacate the 2003 tax judgment.[5] Cooper's first issue is overruled.

---

[5] Because we do not need Cooper's notice of appeal of the 2003 judgment or the 2003 judgment to determine our jurisdiction, Cooper's motion to take judicial notice of those documents is denied.

Cooper contends in his second issue that the trial court erred in determining the 2005 judgment was valid because during the Dallas County court's injunction:  1) the parties to the injunction (Cooper and Hubbard) and the receiver (Cochran) were judicially immune from suit; 2) the parties to the injunction and the receiver enjoyed sovereign immunity; 3) while the Property was under the exclusive control of the State, it was either exempt from taxes or the burden of the taxes was on the State; 4) the trial court had no jurisdiction over the suit because the State was a necessary party that was not named or served; and 5) the subject cannot tax the king.

We initially note that we do not understand why Cooper includes the arguments for Hubbard and Cochran in the first two sub-issues to this issue.  Hubbard and Cochran are not parties to this appeal and Cooper cannot assert any issues for them. Even if Cooper were able to assert issues for Hubbard and Cochran, he is not an attorney and cannot represent them.  *See Steele v. McDonald*, 202 S.W.3d 926, 928 (Tex. App.—Waco 2006, order); *Elwell v. Mayfield*, No. 10-04-00322-CV, 2005 Tex. App. LEXIS 6356, at *8-11 (Tex. App.—Waco Aug. 10, 2005, pet. denied) (mem. op.) (a non-attorney cannot sign pleadings on behalf of a pro-se litigant); *see also Spigener v. Lee*, No. 10-08-00280-CV (Tex. App.—Waco Dec. 3, 2008, order) (not designated for publication) (non-attorney cannot sign pleadings on behalf of a pro-se litigant).  Thus, we do not address any part of Cooper's second issue involving alleged rights, if any, enjoyed by Hubbard or Cochran.

*Judicial Immunity*

Cooper first argues under his second issue that he enjoyed derived judicial immunity. Texas uses a "functional approach" to determine whether someone is entitled to derived judicial immunity. *Dallas County v. Halsey*, 87 S.W.3d 552, 556-557 (Tex. 2002); *Davis v. West*, 317 S.W.3d 301, 307 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The "functional approach looks to whether the person seeking immunity is intimately associated with the judicial process" and whether "that person exercises discretionary judgment comparable to that of the judge." *Halsey*, 87 S.W.3d at 554 (citing *Delcourt v. Silverman*, 919 S.W.2d 777, 782 (Tex. App.—Houston [14th Dist.] 1996, writ denied)); *Davis*, 317 S.W.3d at 307. The functional approach focuses on the nature of the function performed, not the identity of the actor, and considers whether the court officer's conduct is like that of the delegating or appointing judge. *Halsey*, 87 S.W.3d at 555. Cooper offers no explanation as to what discretionary judgment, comparable to that of the Dallas County District Court judge, he exercised. This sub-issue is overruled. *See* TEX. R. APP. P. 38.1(i).

*Sovereign Immunity*

Cooper next argues that he enjoyed sovereign immunity. Sovereign immunity is the doctrine under which the government is not answerable to suit or to damages unless it consents to be sued. *Smith v. Davis*, 999 S.W.2d 409, 416 (Tex. App.—Dallas 1999, no pet.); *Gonzalez v. Heard, Goggan, Blair & Williams*, 923 S.W.2d 764, 765 (Tex.

App.—Corpus Christi 1996, writ denied) (op. on reh'g). This immunity is incident to the power and the right to govern and may only be invoked by a governmental unit of the State. *See id.*; *Rhodes v. Torres*, 901 S.W.2d 794, 801 (Tex. App.—Houston [14th Dist.] 1995, no writ). Sovereign immunity does not protect individuals; it protects the sovereign. *Smith*, 999 S.W.2d at 416). Cooper fails to cite to any case law that would allow him to enjoy the protection of *sovereign* immunity. This sub-issue is overruled. *See* TEX. R. APP. P. 38.1(i).

*Property Exempt*

Cooper further argues that the Property should have been appraised as exempt while the injunction was in place because it was "under the control" of the State. Generally, property owned by the State or a political subdivision of the State is exempt from taxation if the property is used for public purposes. TEX. TAX CODE ANN. § 11.11(a) (West Supp. 2013). In determining whether or not property is used for a public purpose, the test is whether the property is used primarily for the health, comfort, and welfare of the public. *A. & M. Consol. Independent School Dist. v. Bryan*, 184 S.W.2d 914, 915 (Tex. 1945). There is nothing in this record that suggests the State owned the Property as a result of the Dallas County court's injunction. Even if the injunction could be interpreted as transferring ownership to the State because Cooper was enjoined from accepting any kind of money from the use or sale of the Property, there is no evidence that the Property was ever used for a public purpose. At most, the Property may have

been driven on by trucks making deliveries to the Hamilton County hospital which was located across the street. This incidental and occasional use by hospital vendors is not a public purpose. Further, there is no evidence in the record of who, if anyone, actually went upon the Property without permission and the amount of the damages incurred, if any. This sub-issue is overruled.

In conjunction with the previous sub-issue, Cooper contends that the trial court had no jurisdiction to render the 2005 judgment because the State was a necessary party that was not named as a defendant or served with process. It has been held that the failure to join "indispensable" parties does not render a judgment void. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). This sub-issue is overruled.

Lastly, Cooper argues that the trial court erred in determining the 2005 judgment was not void because "the subject cannot tax the king." This appears to be an extension of his argument that the Property was under the control of the State and could not be taxed by lesser entities or political subdivisions of the State. Because we determined there was no evidence that the Property was under the control of the State or that it was used for a public purpose, this sub-issue is overruled.

None of Cooper's arguments under his second issue support a conclusion that the trial court erred in determining that the 2005 judgment was not void. Accordingly, Cooper's second issue is overruled.

The last issue in the genre of proper versus improper collateral attack that we will discuss is Cooper's fourth issue in which he complains that the 2005 judgment was not res judicata to an attack upon its validity. He specifically takes issue with the trial court's first conclusion of law which states:

> This suit is an impermissible collateral attack on the final judgment previously entered in Cause No. 01-06-002599 and is barred by *res judicata*.

We review a trial court's conclusions of law de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Boyd v. Boyd*, 67 S.W.3d 398, 404 (Tex. App.—Fort Worth 2002, no pet.). Incorrect conclusions do not require reversal if the controlling findings of fact will support a correct legal theory. *Hitzelberger v. Samedan Oil Corp.*, 948 S.W.2d 497, 503 (Tex. App.—Waco 1997, pet. denied).

At this juncture, we have reviewed all of Cooper's issues regarding the validity of the 2005 judgment and there is no issue raised that renders the judgment void. Thus, the trial court did not err in concluding Cooper's suit is an impermissible collateral attack on the 2005 judgment. It did, however, err to the extent it concluded that this suit, *in toto*, was an impermissible collateral attack on the 2009 tax sale.

Generally, the Tax Code allows challenges to a tax sale within one to two years of the sale. *See generally*, TEX. TAX CODE ANN. §§ 33.54; 34.08 (West 2008). In this case, the Property was sold in December of 2009 and Cooper filed his current lawsuit in June of

2010. Thus, Cooper's attack on the 2009 tax sale is a timely, direct attack on the tax sale (but not the 2005 judgment). Regardless, the trial court's erroneous conclusion as to the attack on the tax sale does not require reversal. Cooper was allowed to present his attack of the tax sale to the trial court and has brought one issue regarding the tax sale for our review. For the reasons expressed below, the trial court correctly concluded that the tax sale was valid. Cooper's fourth issue is overruled.

## DIRECT ATTACK–TAX SALE

In his fifth issue, Cooper contends that the trial court erred in its findings and conclusions that the tax sale was valid because, he alleges, there were irregularities in the sale that rendered the sale void. To set aside a sheriff's sale, two things must occur: 1) there must be an irregularity calculated to affect the sale; and, 2) the irregularity must be coupled with a grossly inadequate purchase price. *Brimberry v. First State Bank*, 500 S.W.2d 675, 676-677 (Tex. Civ. App.—Texarkana 1973, writ ref'd n.r.e.). The irregularity Cooper complains about is the alleged removal of "for sale" signs from the Property some time prior to the tax sale which, he argues, inhibited his ability to sell the Property. There was no testimony or evidence as to who may have removed the signs.

This is not the type of irregularity which would cause a tax sale to be set aside. Case law, including the cases cited by Cooper, suggests that only a procedural irregularity, that is, an irregularity in the rules applicable to the sale itself, which is calculated to affect the sale, would be grounds to set aside a tax sale. *See Brimberry v.*

*First State Bank*, 500 S.W.2d 675, 676-77 (Tex. Civ. App. —Texarkana 1973, writ ref'd n.r.e.) (that Sheriff did not call bid three times and party's attorney was not present at sale, were not required by statute; thus no irregularity calculated to affect the sale); *Rio Delta Land Co. v. Johnson*, 475 S.W.2d 346, 348 (Tex. Civ. App.—Corpus Christi 1971, writ ref'd n.r.e.) (lack of proper notice, which is required by statute, was an irregularity that would affect the sale); *Jackson v. O'Connor*, 96 S.W.2d 803 (Tex. Civ. App.—El Paso 1936, no writ) (failure to receive statutorily required notice was an irregularity).

The removal of "for sale" signs placed on property by a property owner in an effort to sell the property prior to a tax sale is not an irregularity in the tax sale procedure that would warrant setting aside a tax sale. This is the only irregularity Cooper urges as invalidating the 2009 tax sale. Thus, the trial court did not err in finding that the tax sale was valid. Cooper's fifth issue is overruled.

**CONCLUSION**

Having overruled each of Cooper's issues on appeal, we affirm the trial court's judgment.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208; § 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the

Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Motion denied
Opinion delivered and filed January 30, 2014
[CV06]