Robert C. CARSON, Receiver, Appellant,

v.

A. G. HILLEY, Appellee.

No. 17326.

Court of Civil Appeals of Texas, Fort Worth.

July 7, 1972.

Callaway & Marshall, and Clyde M. Marshall, Jr., Fort Worth, for appellant.

Flowers & Flowers, and John Flowers, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This is an interlocutory appeal from an order overruling appellant's plea of privilege to be sued in Garza County, Texas. The appeal, based upon two points of error, asserts (1) that appellant was sued only in his capacity as receiver under appointment of the Garza County District Court and therefore as a matter of law his venue residence as such receiver is in Garza County, Texas, and (2) that appellee failed to prove a cause of action on which recovery can be had in Tarrant County, Texas, and that exclusive jurisdiction of the controversy alleged in plaintiff's petition is in the Garza County District Court.

The single question to be resolved is whether or not the appellant in the role of receiver is subject to the venue statute, Art. 1995, Vernon's Ann.Civ.St., of Texas. We are of the opinion that the question should be answered in the affirmative.

We affirm.

The appellant, Robert C. Carson, is a resident of Tarrant County, Texas. He was appointed successor receiver by the Garza County District Court to take charge of and sell, under court supervision, the assets of the Post Pharmacy in Post, Garza County, Texas. The appellee entered into a contract with the appellent receiver which was submitted to and approved by the Garza County District Court, for the purchase of the assets of the Post Pharmacy for the sum of $9,000.00, paying $4,500.00 on such purchase and giving his note (dated May 18, 1970) for the balance, due in January, 1971, and payable in Tarrant County, Texas.

The written contract provided, in part, as follows: "However, it is understood

that the said Hilley (appellee) is in the process of securing a written lease on the premises occupied by said Post Pharmacy, on Main Street, in Post, Texas and further, the said Hilley *will shortly* take an examination for the State Board of Pharmacy of the State of Texas, and it is understood that if the said Hilley should fail to secure a lease on said premises or fail to secure a license as a pharmacist in the State of Texas, then and in either or both events, this agreement shall be set aside and the earnest money of $1,500.00 this day deposited with said receiver and all other monies paid hereunder shall be returned to the said Hilley." (Emphasis added.)

All parties are in agreement that the appellee obtained the lease referred to in the contract. Hilley, at the time the contract was signed, was a graduate pharmacist student and had made arrangements to take the State Pharmacy examination in June, 1970. He took the examination in June and was notified that he had failed to pass it whereupon he requested appellant to refund the $4,500.00. Both parties agree that Hilley made demand on more than one occasion in the ensuing months for refund of his $4,500.00. Appellant's testimony as to his statements in reply to appellee's demand for refund, although vague, are in conflict with the testimony of appellee who testified that the appellant agreed to return the money on more than one occasion. Appellant testified, "I did tell him how it could be refunded but investigations have to be made." After failing the exam in June the appellee sold his home in Post, Texas, and moved to Fort Worth, Texas. Thereafter he took the examination in September of 1970, at which time he passed it. The appellee brought this suit to recover the $4,500.00 paid to appellant and to set aside the note appellee had executed and which was payable in Tarrant County, Texas. In his second amended original petition appellee alleged that it was the intention of the parties as expressed in the contract that if he failed to pass the June, 1970, examination his money would be refunded.

Alternatively, appellee alleged that the agreement was vague and ambiguous as to the provision for refund of money and that it was the intention of both parties to refund the money if appellee failed to obtain his license by passing the June, 1970, examination. It is undisputed that appellee failed the June, 1970, examination and that appellee paid $4,500.00 to the appellant which the appellant presently has in his possession. The evidence shows that appellee had made arrangements to take the June, 1970, examination at the time he entered into negotiations with appellant and this fact was discussed by both parties to the contract. The contract which was signed on April 22, 1970, states that appellee "will shortly take an examination for the State Board of Pharmacy . . . ." The appellant testified that when he wrote the disputed portion of the contract he had reference to the next examination which was coming up and that when the contract was written on April 22, 1970, he knew there was an examination in June, 1970. Appellee testified that subsequent to failing the examination he contacted the appellant on at least three different occasions and was told that his money would be refunded but it would take two or three weeks to do so. Appellant admits that appellee contacted him in regard to refunding the money, however, his recollection of the conversation was that he told appellee how it could be refunded but that the matter would have to be investigated.

The assets made the subject of the sale were located in Garza County. The note prepared by the appellant's clients, Southwestern Drug Company, provided that payment should be made at the residence of the receiver, Tarrant County, Texas. At the time of suit the appellant, as receiver, had the appellee's $4,500.00 deposit and the assets of the Post Pharmacy or the proceeds from the sale of such pharmacy assets. The appellee is a stranger to the receivership proceedings in Garza County,

Texas, and none of his property was subject to the original receivership proceedings.

 We find and hold that under the facts of this case the trial court properly retained venue of this cause of action in Tarrant County, Texas, under the provisions of Article 2311, V.A.C.S. The enactment of this statute had the effect of making receivers subject to the general venue statute and thereby served the convenience of the public by abolishing the common-law rule that only the court appointing the receiver should have jurisdiction and venue on suits brought against the receiver. Wheeler v. Metteauer, 283 S.W.2d 95 (Galveston Tex.Civ.App., 1955, no writ hist.); Nelson v. Thompson, 64 S.W.2d 373 (Dallas Tex.Civ.App., 1933, error dism); Knox v. Taylor, 277 S.W.2d 174 (Amarillo Tex.Civ.App., 1954, ref., n. r. e.); Owen v. Harring, 330 S.W.2d 500 (Austin Tex.Civ.App., 1959, no writ hist.); and the cases cited under each.

 We further find and hold that the appellee proved a cause of action against the appellant receiver and that Article 2310, V.A.C.S., disposes of the contention that the District Court of Garza County, Texas, has exclusive jurisdiction of this controversy.

In the case of Joiner v. Currin, 118 S. W.2d 652 (Dallas Tex.Civ.App., 1938, no writ hist.) the Court said:

"Article 2310, R.S.1925, reads:

" 'When property within the limits of this State has been placed in the hands of a receiver who has taken charge of such property, such receiver may, in his official capacity, sue or be sued in any court of this State having jurisdiction of the cause of action, without leave of the court appointing him. If judgment is recovered against said receiver, the court shall order said judgment paid out of any funds in the hands of said receiver as such receiver'.

"Obviously, this statute authorizes suits against receivers in their official capacities in any court having jurisdiction of the causes of action. The statute is broad enough to embrace any kind of a suit, except one that interferes with the possession, custody, control and disposition of property in the hands of a receiver. The determination of the question of indebtedness, due to an unauthorized disposition of one's property, is clearly within the power of a District Court, and such creditor has the undoubted right to have the court determine the question of his debt. He is not compelled to assert his rights in the court appointing the receiver."

All points of error are overruled and the judgment of the trial court is affirmed.