# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00039-CV

**FNFS, LTD. d/b/a B & W Finance Company, Appellant**

**v.**

**Security State Bank and Trust, Appellee**

## FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
## NO. 18,179A, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

Appellant FNFS, LTD. d/b/a B&W Finance Company ("B&W") appeals a summary judgment granted in favor of appellee Security State Bank and Trust (the "Bank" or "Security").[1] In six issues, B&W contends that the district court erred in finding that B&W failed to establish a material fact issue precluding summary judgment. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are undisputed. B&W began a banking relationship with Security in 1995. In 1996, B&W hired Rudy Flores as its Marble Falls branch manager. During his employment, Flores, an authorized signatory of B&W's deposit account with Security, prepared and presented numerous checks drawn on B&W's account. These checks prepared by Flores were

---

[1] B&W originally brought suit against both the Bank and a faithless B&W employee, Rudy Flores, to recover over $100,000 in embezzled funds. The Bank filed a partial motion for summary judgment, which the trial court granted. The court then severed the Bank's counterclaims and B&W's claims against Flores.

payable to the order of Security. When the checks were presented to the Bank for payment, the Bank gave Flores cash and deducted the check amounts from B&W's account. In addition to the checks prepared by Flores, other B&W checks made payable to the order of various named payees were also presented to the Bank. The checks payable to Security and the third-party checks were paid without endorsement.[2]

B&W brought suit against the Bank alleging that, without the proper endorsements, the Bank wrongfully paid the checks and thereby breached both its deposit agreement with B&W and various provisions of the Texas Business and Commerce Code. The Bank moved for partial summary judgment on both traditional and no-evidence grounds. *See* Tex. R. Civ. P. 166a(c), (i). Specifically, the Bank contended that: (i) B&W failed to establish the existence of a material fact issue on one or more of the essential elements of its wrongful payment claim, *i.e.*, that an endorsement was required under either the Business and Commerce Code or the deposit agreement, and (ii) B&W produced no evidence that the proceeds disbursed by the Bank did not reach the intended payees. The district court sustained the Bank's motion. B&W's claims against Flores were severed so B&W could appeal the final judgment in favor of the Bank.

Although B&W presents six issues on appeal, they can be consolidated into two basic issues: (i) whether the trial court erred in granting summary judgment on B&W's breach of contract claims because there are questions of fact as to whether the Bank wrongfully paid the checks payable to the Bank without obtaining a proper endorsement;[3] and (ii) whether the trial court erred in granting

---

[2] These third-party checks represent approximately $2,500 of the more than $117,000 B&W seeks to recover from the Bank and Flores.

[3] The entirety of B&W's response purporting to raise fact issues is as follows:

the Bank's no-evidence motion with regard to the third-party checks because the burden of proving payment under authority from the depositor was on the Bank.

## DISCUSSION

The gist of B&W's case on appeal is that, because the checks presented to and paid by the Bank lacked endorsements, the district court erred in granting the Bank's motion for summary judgment. In response, the Bank contends that, as a matter of law, no endorsements were required on the checks payable to the Bank's order. Because B&W cannot prove this essential element of its claim, the Bank asserts it is therefore entitled to summary judgment. With regard to the third-party payees, the Bank contends that it is entitled to a no-evidence summary judgment because B&W failed to produce evidence that the payees did not receive the check proceeds.

In its motion for summary judgment, the Bank argued that it was entitled to prevail under Texas Rule of Civil Procedure 166a(c) or, alternatively, that it was entitled to a "no-evidence" summary judgment under Texas Rule of Civil Procedure 166a(i). *See* Tex. R. Civ. P. 166a(c), (i).

---

### 4. FACT ISSUES

A.  Negligence of bank

  i.   in paying checks without requiring an endorsement;

  ii.  in not sending both sides of the checks to B&W so that it could timely discover the absence of endorsement and make appropriate inquiry;

  iii. in failing to endorse the checks;

  iv.  in failing to follow its own written policies.

B.  Bank's breach of the depository contract.

C.  Did B&W receive the proceeds of the checks dawn on its account.

3

Because the order did not specify as to 166a(c) or 166a(i), we believe this situation is analogous to a summary judgment order that does not specify the grounds relied on for its ruling although the ruling asserts multiple grounds. "When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious." *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). Applying *Carr*'s analysis, we believe this Court may uphold the summary judgment if the Bank prevails under either Rule 166a(c) or Rule 166a(i). We conclude, however, that *both* traditional and no-evidence summary judgment procedural devices are applicable here.

### *Bank Checks*

The standard for reviewing a motion for summary judgment is well established: (1) The movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). When a defendant seeks to obtain summary judgment based on a plaintiff's inability to prove its case, the defendant must conclusively disprove at least one element of each of the plaintiff's causes of action. *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991).

In its first issue, B&W contends that the trial court erred in granting the Bank's motion because, by paying check proceeds without first obtaining an endorsement from the payee, the Bank treated order paper as bearer paper, thereby failing to comply with section 3.109 of the

Texas Business and Commerce Code. The Bank responds that it conclusively established that it was not required to obtain endorsements on checks for which it was the named payee. According to the Bank, because Flores, an authorized signatory on the B&W account, was the maker of these checks and because Security was the payee, these checks were presented for final settlement, not negotiation, and therefore required no endorsement. We agree.

The Texas Business and Commerce Code defines "negotiation" as "a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder." Tex. Bus. & Com. Code Ann. § 3.201(a) (West Supp. 2001). "Issuer" refers to the maker or drawer of an instrument. *Id.* § 3.105(c). Flores was the maker of the checks made payable to Security, and thereby the issuer. The checks were presented to Security for settlement. Under the Business and Commerce Code, "settle" means to pay in cash, by clearing-house settlement, in a charge or credit or by remittance, or otherwise as agreed. *Id.* § 4.104(a)(11). Because these checks were presented for final settlement—and were not negotiated—no endorsement was required. We hold that B&W cannot, as a matter of law, prove an essential element of its claim of wrongful payment against the Bank. Accordingly, we overrule issue one.

### *Third-Party Checks*

By issues two, three, and four, B&W contends the district court erred in sustaining the Bank's no-evidence motion for summary judgment based on the Bank's breach of its deposit agreement with B&W, the Bank's failure to use ordinary care in disbursing funds from B&W's account, and the Bank's failure to follow its own policies and procedures for paying checks. The

5

Bank moved for summary judgment contending that B&W had no evidence that the intended payees did not receive their funds and, therefore, B&W could not prevail on any of its claims of wrongful payment. B&W countered that the burden to show non-payment belonged to the Bank and that, in order to prevail on summary judgment, the Bank must conclusively establish that the payments were properly made.

Unlike a traditional summary judgment movant, a no-evidence summary judgment movant does not bear the burden of establishing a right to judgment by proving each claim or defense. *See Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). Instead, a party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more essential elements of claims upon which the non-movant would have to prove at trial. *McCombs v. Children's Med. Ctr.*, 1 S.W.3d 256, 258 (Tex. App.—Texarkana 1999, no pet.). If the non-movant fails to produce more than a scintilla of probative evidence raising a genuine issue of fact as to an essential element of a claim on which the non-movant has the burden of proof at trial, summary judgment is appropriate. *See* Tex. R. Civ. P. 166a(i); *Holmstrom*, 26 S.W.3d at 530. In contrast to the *de novo* standard applied to traditional summary judgment motions, a no-evidence summary judgment is essentially a pretrial directed verdict. *See Jackson v. Fiesta Mart*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.)

A bank may charge only "properly payable" items against a customer's account. Tex. Bus. & Com. Code Ann. § 4.401. It is well recognized that a check drawn to the order of a named payee may not be negotiated without endorsement of that payee. *Id.* § 3.201. The purpose of an endorsement is to identify the user of the check so that the endorsement can be compared with the

directions of the maker, that is, to ensure the endorser is the same individual or entity as the payee. *Spevack, Cameron & Boyd v. National Cmty. Bank of N.J.*, 677 A.2d 1168, 1168 (N.J. Super. Ct. App. Div. 1996). This necessarily follows from the understanding that, "[w]hen a customer deposits funds with a bank, the bank impliedly agrees to disburse those funds only in accordance with the depositor's instructions." *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 563 (Tex. 1984) (citing Tex. Bus. & Com. Code Ann. §§ 3.404(a), 4.401(a)).

Security's no-evidence motion for summary judgment placed the burden on B&W to come forward with *some* evidence showing the checks were not paid in accordance with the maker's instruction. Upon our review of the record, we find no evidence supporting B&W's claims. In support of its response, B&W filed the affidavit of its president, David Harwood. B&W urges that David Harwood's affidavit establishes a fact issue. But the Harwood affidavit does little more than reiterate B&W's pleadings. In his affidavit, Harwood states: "Without the express, implied, written or oral permission of B&W, checks were drawn on and paid from B&W's account payable to 'Security State Bank.'" In another portion of the affidavit, he avers, "The cash withdrawn from B&W's account to pay these checks was not used for the use or benefit of B&W." However, these conclusory statements are insufficient, as a matter of law, to raise a fact issue. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (stating that "conclusory affidavits are not enough to raise fact issues"). Because B&W produced no evidence that the intended payees did not receive the check proceeds, there is no evidence that the Bank acted contrary to B&W's payment instructions as they appeared on the face of the checks. Accordingly, issues two, three, and four are overruled.

Because we uphold the judgment of the district court pursuant to Rule 166a(c) and Rule 166a(i), we need not address B&W's issues five and six relating to the Bank's affirmative defenses. *See* Tex. R. App. P. 47.1.

## CONCLUSION

Having overruled B&W's issues, we affirm the district court's granting of the Bank's motion for summary judgment.

_____

_

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   November 29, 2001

Publish