**Opinion issued June 27, 2019**



In The

# Court of Appeals

### For The

# First District of Texas

————————————

## NO. 01-19-00324-CV

————————————

## IN RE PRENTIS B. TOMLINSON, JR., TRUSTEE OF THE SLATTERY TRUST, Relator

———————————————————————————

### Original Proceeding on Petition for Writ of Mandamus

———————————————————————————

### MEMORANDUM OPINION

Relator, Prentis B. Tomlinson, Jr., Trustee of the Slattery Trust, filed a petition for writ of mandamus seeking to compel the respondent trial judge to vacate his February 12 and 14, 2019 post-judgment turnover orders in the underlying proceeding.[1] With his petition, relator included a notice of related appeal stating that

---

[1]  The underlying case is *John Khoury v. Prentis B. Tomlinson, Jr.*, Cause No. 2012-61491, pending in the 281st District Court of Harris County, Texas, the Honorable Christine Weems presiding.

he, in his individual capacity, had filed a related notice of appeal on March 14, 2019, from the same trial court cause number 2012-61491, challenging the same two turnover orders challenged in his petition, and that appeal was assigned to appellate cause number 01-19-00183-CV. Relator's petition contends, among other things, that he has no adequate remedy by appeal because he, as trustee, is not a party to the turnover proceeding where he, in his individual capacity, is the defendant and, thus, he cannot appeal the turnover orders as trustee. In any event, relator claims that he does not need to show lack of an adequate appellate remedy because the turnover orders are void.

Mandamus is an extraordinary remedy, available only when the relator can show both that: (1) the trial court clearly abused its discretion or violated a duty imposed by law; and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

This Court requested and received a response to the petition. Real party in interest John Khoury contends that the petition should be denied because relator, in his individual capacity, is currently exercising his appellate remedy by appealing the same two February 12 and 14, 2019 turnover orders that he challenges in this petition. This Court also requested and received a response from the real party in interest to relator's emergency motion to stay enforcement of the two post-judgment

turnover orders. Relator also filed a reply in support of his petition and a supplement to his emergency motion stating that Khoury has recently set a contempt motion, a request for injunction, and a motion to consolidate for a June 21, 2019 hearing in the trial court.

A judgment creditor is entitled to assistance from a court of appropriate jurisdiction to reach property to obtain satisfaction of a judgment and a turnover order is one means of providing such assistance. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a), (b) (West 2008); *see also In re Bradberry*, No. 12-12-00162-CV, 2012 WL 3201928, at *1 (Tex. App.—Tyler Aug. 8, 2012, orig. proceeding) (mem. op.). Generally, turnover orders are final, appealable orders and, thus, must be attacked on direct appeal. *See Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) (turnover order was final, appealable judgment); *see also In re Bradberry*, No. 12-12-00162-CV, 2012 WL 3201928, at *1 (citing *Davis v. West*, 317 S.W.3d 301, 309 (Tex. App.—Houston [1st Dist.] 2009, no pet.)).

Relator has an adequate remedy by appeal for which he, in his individual capacity, is currently exercising by appealing the same two February 12 and 14, 2019 turnover orders that he challenges, as trustee, in this petition. Thus, because that appeal remains pending under 01-19-00183-CV, for which he has not shown is an inadequate remedy for challenging the validity of those orders, relator is exercising his adequate appellate remedy. *See Walker*, 827 S.W.2d at 839–40 (mandamus relief

3

is not available when adequate appellate remedy exists); *see also In re Bradberry*, No. 12-12-00162-CV, 2012 WL 3201928, at \*2 (denying mandamus petition because relator had not shown that appeal was inadequate remedy for challenging turnover order).

Accordingly, we deny the petition for writ of mandamus because relator, in his individual capacity, is exercising his adequate appellate remedy. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Hightower.